JOHN BYRNS *et al. v.* GALLATIN TURNPIKE COMPANY.

(*Nashville.* December Term, 1912.)

**STATUTES OF LIMITATIONS. Action for dividends declared is
barred in six years, and is not governed by the ten year statute
of limitation.**

The action for dividends earned and declared by a corporation is
barred by the six year statute of limitation (Shannon's Code,
sec. 4472) and is not governed by the ten year statute of
limitation (Shannon's Code, sec. 4473) in favor of trustees, etc.,
because a dividend earned by a corporation, when legally de-
clared, becomes the property of the stockholder who has the
immediate right to demand and receive it, and since the obliga-
tion of the corporation to pay the same immediately arises by
implication of law resting in contract, the technical relation
of trustee and *cestui que trust* does not exist between the
corporation and stockholder.

Code cited and construed: Secs. 4472, 4473 (S.); secs. 3472, 3473
(M. & V.); secs. 2775, 2776 (T. & S. and 1858).

Case cited and approved: State v. Bank, 95 Tenn., 239.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County
to the Court of Civil Appeals, and by *certiorari* from the
Court of Civil Appeals to the Supreme Court.—JOHN
ALLISON, Chancellor.

WILLIAM A. GUILD, for complainants.

SMITH & BERRY, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon a petition for *certiorari* to the decree of the court of civil appeals reversing the decree of the chancellor, which sustained the defendant's demurrer and dismissed complainants' bill.

The suit was brought to recover dividends declared y the defendant comporation, which complainants claimed as distributees of one of its stockholders. The dividends were declared more than six years before the ll was filed, and the complainants knew and understood their rights to the dividends as early as 1903. The court of civil appeals held that the statute of ten years (Shannon's Code, sec. 4473) applied, and this action in that court is assigned as error. That court was of opinion that the corporation held dividends earned and declared by it as trustee for its stockholders, and the stockholders' action to recover them would be governed by the last cited section of the Code.

That court was in error in holding that the ten-year statute of limitation, and not the six-year statute (Shannon's Code, sec. 4472), applied to this case.

We are of opinion that the six-year statute applies. This is true because a dividend earned by a corporation becomes the property of the stockholder, and the stockholder acquires his legal right to it only when it is regularly declared. When the dividend is earned and declared, the stockholder has a right to demand and receive payment of it from the corporation, and the cor-

poration's duty to pay the dividend immediately arises. The stockholders are the real owners in equity of the assets of the corporation, and in equity are the real beneficiaries of the dividends earned. The rights of stockholders to receive earned dividends must be worked out through the corporate entity, and when the corpoation, through its directors, declares the dividend, that is merely a setting apart in severalty to the stockholders of funds of which they were in reality and in equity the owners. The obligation of the corporation to pay the dividends, other questions aside, arises by implication of law and rests in contract. Certainly the technical relation of trustee and *cestui que trust* does not exist.

This court inferentially held in *State* v. *Bank of Commerce*, 95 Tenn., 239, 31 S. W., 993, that a stockholder becomes a creditor of a corporation whenever dividends are earned and declared. Direct authority to the same effect is 2 Purdy's Beach on Corporations, secs. 436, 441; 2 Clark & Marshall on Corp., sec. 517.

The decree of the court of civil appeals is reversed, and that of the chancellor is affirmed.